**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER D. ARIOLA,**

        **Plaintiff,**　　　　　　　**9:08-cv-116
　　　　　　　　　　　　　　　　　　　(GLS/RFT)**

     **v.**

**DARWIN LACLAIR et al.,**

        **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Christopher D. Ariola
Pro Se
102 Gifford Parkway
Syracuse, NY 13214

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN　　THOMAS B. LITSKY
New York State Attorney General　　Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff/petitioner *pro se* Christopher D. Ariola initially commenced

this action against defendants/respondents Darwin LaClair and the New

York State Division of Parole, challenging a 2007 revocation of his parole, and seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254.  (*See generally* Am. Pet., Dkt. No. 19.)  After the amended petition was filed, however, Ariola indicated that he also sought relief from civil rights violations stemming from the same parole revocation, (Dkt. No. 32), and this action was then converted into a hybrid habeas and 42 U.S.C. § 1983 action, (Dkt. No. 33).  After the conversion, Ariola filed a complaint, pursuant to § 1983, alleging identical civil rights violations related to the same parole revocation, but naming new defendants: Jim Anderson, Moss, and Tracy Carmody, (Dkt. No. 39); *see Ariola v. Anderson*, No. 5:13-cv-577 (N.D.N.Y.).  The cases have since been consolidated.  *Anderson*, No. 5:13-cv-577, Dkt. No. 7.

Once all matters were ripe for judicial review, Magistrate Judge Randolph F. Treece was tasked with the laborious chore of concomitantly assessing: (1) LaClair and the Division of Parole's motion for judgment on the pleadings, which sought to dismiss the amended habeas petition on the grounds of mootness, (Dkt. No. 37) ; (2) LaClair and the Division of Parole's motion for judgment on the pleadings, which sought to dismiss Ariola's claims pursuant to § 1983, (*id.*); and (3) the viability of the claims

2

asserted in *Anderson*, upon initial screening pursuant to 28 U.S.C. 1915(e).[1] In a Report-Recommendation and Order (R&R) issued on March 31, 2014, Judge Treece recommended that LaClair and the Division of Parole's motion for judgment on the pleadings be granted, and that the consolidated *Anderson* complaint be dismissed in its entirety. (Dkt. No. 46.) Pending are Ariola's objections to the R&R. (Dkt. No. 47.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**[2]

As intimated above, the procedural history of this case is quite convoluted. Indeed, the original habeas petition was filed on January 31, 2008, (Pet., Dkt. No. 1), and only now, nearly seven years later, is the matter ripe for review. Given Judge Treece's thorough recitation of the facts and procedural history in his R&R, (Dkt. No. 46 at 2-6, 7-9, 14-15, 21-24), the court will not repeat them fully here, but it will provide a few salient facts for context.

---

[1] Ariola's complaint in *Anderson* was accompanied by a motion for leave to proceed *in forma pauperis* (IFP). *Anderson*, No. 5:13-cv-577, Dkt. No. 3.

[2] Unless otherwise noted, the facts are drawn from Ariola's amended petition and his consolidated complaint, and presented in the light most favorable to him. The court also looks to, and takes judicial notice of, matters of public record, including certain documents filed in other courts. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992).

On February 26, 2007, after serving sentences for first degree manslaughter and third degree attempted robbery, Ariola was conditionally released under supervision.[3] (Am. Pet. ¶ 10; Dkt. No. 8, Attach. 5 at 10-11.) As part of the conditions of Ariola's parole, Anderson, Ariola's parole officer, imposed special condition 13AA, which required Ariola to enter and complete Central New York Services (CNYS). (Am. Pet. ¶ 10.) At his initial assessment for CNYS, which was performed by Carmody, an employee of CNYS, Ariola was presented with a Health Insurance Portability and Accountability Act (HIPAA) waiver form, and was asked to sign it. (*Id.* ¶ 11.) Believing that he could not be denied treatment even if he declined to execute the HIPAA waiver, Ariola refused to sign the form. (*Id.* ¶¶ 11-13, 15.) It was then recommended that Ariola undergo a second assessment at Hutchings Psychiatric Center, but, again, Ariola did not sign the form. (*Id.* ¶¶ 12-13, 15.)

On April 3, 2007, Ariola was questioned by Anderson about his CNYS assessment, and Ariola responded, "[t]hey want me to get another assessment, do you want me to set it up[?]," to which Anderson replied in

---

[3] In connection with the manslaughter charge, Ariola was sentenced to a term of seven years imprisonment, with five years of post-release supervision. (Dkt. No. 8, Attach. 5 at 10.) In connection with the attempted robbery charge, Ariola was sentenced to an indeterminate term of one to three years imprisonment. (*Id.*) Both sentences were to run concurrently. (*Id.*)

the affirmative. (*Id.* ¶ 14.) Later that day, Carmody informed Anderson that Ariola refused to sign the release forms, (*id.* ¶ 15), and a parole warrant was issued, (Dkt. No. 8, Attach. 5 at 15). The next day, April 4, Anderson asked Ariola why he did not sign the releases, and Ariola stated that he "'was following privacy law.'" (Am. Pet. ¶ 15.) Anderson then informed Ariola that he was required to sign the forms, and Ariola immediately complied, but was then taken into custody by Anderson and Moss, another parole officer. (*Id.*)

On April 11, 2007, a preliminary parole revocation hearing was held, at which probable cause was found to exist with regard to a violation of parole condition 13AA because the releases were not signed and such releases were mandatory in order to complete the assessment. (*Id.* ¶¶ 16, 19.) On May 28, 2007, a final revocation hearing took place, and Ariola was found guilty of violating parole condition 13AA and violating the parole condition requiring Ariola to be truthful with his parole officer. (*Id.* ¶¶ 20, 23.) A recommendation of a time assessment of twenty-four months was imposed, (Dkt. No. 8, Attach. 2 at 59), and, after several appeals, the determination was affirmed by the State Board of Parole on January 30, 2008, (Dkt. No. 8, Attach. 14). One day later, Ariola filed his first habeas

petition. (*See generally* Pet.)

While this action was pending, Ariola was conditionally released on parole a second time, (Dkt. No. 24, Attach. 1), and, also for a second time, violated the conditions of his parole, (*id.*, Attach. 2). These violations resulted in a second parole revocation in October 2010, which culminated in the imposition of a twenty-two month time assessment. (*Id.*, Attach. 5.) Ultimately, on March 5, 2013, Ariola was discharged from state prison after reaching the maximum expiration date of his sentence, and was no longer subject to parole supervision. (Dkt. No. 29, Attach. 1.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings

6

and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. **Discussion**

In his R&R, Judge Treece made three main recommendations. First, he addressed LaClair and the Division of Parole's motion for judgment on the pleadings as it related to Ariola's amended habeas petition, and recommended that the motion be granted, and the amended petition be denied as moot. (Dkt. No. 46 at 9-12.) Specifically, Judge Treece noted that, because Ariola had been released from prison and was no longer subject to any parole conditions—as he had served the maximum of his sentence—the court was incapable of providing him any relief pursuant to § 2254. (*Id.*)

Second, Judge Treece discussed the portion of LaClair and the Division of Parole's motion for judgment on the pleadings as it related to the parts of the habeas petition that could be construed as alleging civil rights violations pursuant to § 1983, and recommended that the motion be granted, and the claims dismissed. (*Id.* at 12-18.) Specifically, Judge Treece recommended: (1) dismissal of the claims against LaClair, to the extent that he was sued in his official capacity, and the Division of Parole,

7

as barred by the Eleventh Amendment; and (2) dismissal of the claims against LaClair in his personal capacity for lack of personal involvement, as his only involvement in the action is that he was the Superintendent of the correctional facility where Ariola was housed when he commenced this litigation.  (*Id.* at 12-18.)

Third, and finally, Judge Treece, conducting an initial review pursuant to 28 U.S.C. § 1915(e), assessed the viability of Ariola's claims asserted in the consolidated § 1983 complaint against Anderson, Moss, and Carmody. (*Id.* at 18-33.)  Judge Treece noted that Ariola's claims consisted of four overall challenges to his 2007 parole revocation, found that each lacked merit, and recommended dismissal of the consolidated complaint in its entirety.  (*Id.*)  First, Judge Treece addressed Ariola's claim that the special parole conditions were unconstitutionally vague, and concluded that "the challenged parole conditions provided sufficiently clear standards for conduct," and, even if they did not, "Ariola's conduct . . . fell so clearly within the core of his conditions of parole that it is clear that a reasonable officer would doubt that Ariola complied with his conditions."  (*Id.* at 26-29.) Second, Judge Treece considered Ariola's claims that Anderson and Moss arrested and prosecuted him without a warrant, and concluded that this

8

claim is belied by the record and Ariola's own factual allegations, which demonstrate that a warrant had indeed been issued. (*Id.* at 29-30; *see* Dkt. No. 8, Attach. 2 at 2-3; Dkt. No. 8, Attach. 5 at 15.) Third, Judge Treece addressed Ariola's claims that Carmody completed a false assessment of him and provided false testimony at his final revocation hearing, and concluded, first, that Ariola's allegations were purely conclusory, and second, that even if "Carmody's report and testimony were total prevarications . . . Ariola's claims still fail because he has no constitutional right to be free from being falsely accused." (Dkt. No. 46 at 30-32.) Finally, Judge Treece discussed Ariola's claim that Anderson and Carmody conspired to violate his rights, and, after scouring the record, again concluded that this claim was based only on conclusory statements, and should not survive. (*Id.* at 32-33.)

In his objections, Ariola seemingly takes umbrage only with the portion of the R&R that recommends dismissal of the consolidated § 1983 complaint. (Dkt. No. 47.) Specifically, he "seeks to persuade the [c]ourt that there is a[n] arguable issue . . . that . . . [d]efendants violated [his] constitution[al] rights," by reciting facts stated in his complaint and considered by Judge Treece. (*Id.* at 2-6.) Indeed, Ariola seeks "an order

9

from this [c]ourt . . . continuing this action based upon the facts *reshown* herein . . . that w[ere] originally shown in the [v]erified [c]omplain[t]." (*Id.* at 6 (emphasis added).) Ariola does not, however, argue that Judge Treece erred in any of his findings, nor does he even contend that Judge Treece failed to consider these facts. Proverbially speaking, Ariola simply attempts to take another bite out of the apple—that is, what is left of the apple. Thus, Ariola's "objections" are reviewed under a clear error standard, *see Almonte*, 2006 WL 149049, at *4, and the court, having thoroughly reviewed the R&R for clear error, and finding none, adopts the R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's March 31, 2014 Report-Recommendation and Order (Dkt. No. 46) is **ADOPTED** in its entirety; and it is further

**ORDERED** that LaClair and the Division of Parole's motion for judgment on the pleadings (Dkt. No. 37) is **GRANTED**; and it is further

**ORDERED** that Ariola's amended habeas petition (Dkt. No. 19) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that, because Ariola has failed to make a substantial showing of the denial of a constitutional right, no certification of appealability shall issue pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that, to the extent that Ariola's habeas petition has been construed as brought pursuant to 42 U.S.C. § 1983, it is **DISMISSED**; and it is further

**ORDERED** that the consolidated § 1983 complaint (Dkt. No. 39) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court